Stacy Tolchin (CA SBN #217431)
*Email: Stacy@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (CA SBN #349899)
*Email: khaled@nipnlg.org*
National Immigration Project of the
    National Lawyers Guild (NIPNLG)
1763 Columbia Road NW, Suite 175 #896645,
Washington, DC 20009
Telephone: (617) 227-9727 x3
Facsimile: (617) 227-5495

*(continued on next page)*
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUDENT DOES #4-#19, <br><br> Plaintiffs, <br><br> v. <br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, <br> Defendants. | Case No. 2:25-cv-3528 <br><br> Complaint for Declaratory and Injunctive Relief |

Anne Lai (CA SBN #295394)
*Email: alai@law.uci.edu*
UC Irvine School of Law –
   Immigrant Rights Clinic
401 E. Peltason Dr.
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747

Attorneys for Plaintiffs

**INTRODUCTION**

1.      Plaintiffs Student Does #4 through #19 are university and college students or recent graduates in lawful F-1 status enrolled in school, Curricular Practical Training (CPT) and/or Optional Practical Training (OPT).[1] They are among the more than four thousand F-1 students nationwide who have, since March 2025, had their Student and Exchange Visitor Information Systems (SEVIS) records abruptly and unlawfully terminated by U.S. Immigration and Customs Enforcement (ICE), effectively stripping them of their status and ability to remain in student status in the United States.[2]

2.      The SEVIS is a government database that tracks international students' compliance with their F-1 status. ICE, through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. ICE has terminated Plaintiffs' SEVIS records pursuant to a new policy that pairs sweeping visa revocations with actions designed to coerce students to abandon their studies and "self-deport." Prior to this new policy, a visa revocation did not typically lead to termination of a student's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. Now, under the new policy, ICE appears to be terminating the SEVIS records of every student

---

[1] CPT and OPT are benefits available to international students in F-1 status allowing them to work in the U.S. in their field of study.

[2] Andrew Kreighbaum, *Lawsuits Over Foreign Students' Status Find Solid Legal Footing*, Bloomberg Law (April 15, 2025), https://news.bloomberglaw.com/daily-labor-report/lawsuits-over-foreign-students-status-find-solid-legal-footing.

whose visa is revoked.

3.     ICE's new policy targets those who have expressed views that the government disagrees with and those who have had minor police contact. Plaintiffs are among those who have had minor interactions with law enforcement, ranging from a juvenile arrest to a misdemeanor arrest with no conviction, and in some cases, a misdemeanor conviction. However, none of the plaintiffs have been convicted of a crime of violence with a potential sentence exceeding one year which would warrant a finding that they violated the terms of their status. See 8 C.F.R. § 214.1(g). Plaintiffs were in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant termination of their status or record.

4.     ICE's SEVP terminated Plaintiffs' SEVIS records and marked the reason as "OTHER – Individual identified in records check and/or has had their VISA revoked. SEVIS record has been terminated." Some of the plaintiffs have received notification of their visas being revoked and some have not. But even when a visa is revoked, ICE is not authorized to terminate Plaintiff's student status. The grounds cited by ICE in the SEVIS termination do not provide legal authority to terminate Plaintiff's student status or record.

5.     On information and belief, ICE's SEVIS terminations appear to be primarily aimed at African, Arab, Middle Eastern, Muslim, and Asian students. They have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars

in federal funding. The terminations have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students.

6. Plaintiffs do not challenge the revocation of their visas in this action. If ICE believes a student is deportable for having a revoked visa, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process. Plaintiffs bring this action under the Administrative Procedure Act (APA), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's illegal SEVIS terminations as to each of them.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present action based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; and because Plaintiffs reside within the Central District of California or the events giving rise to this action took place in this judicial district, and there is no real property involved in this action.

## PARTIES

9. Student Doe #4 enrolled in OPT after the completion of study at a university in New York, and resides in Orange County. Student Doe #4 seeks to

4

proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.[3]

10.    Student Doe #5 enrolled in OPT after the completion of study at a college in Los Angeles County, and resides in San Diego County. Student Doe #5 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

11.    Student Doe #6 enrolled as an undergraduate student at a university in Los Angeles County and resides in Los Angeles County. Student Doe #6 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

12.    Student Doe #7 enrolled as a graduate student at a university in Los Angeles County and resides in Los Angeles County. Student Doe #7 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

13.    Student Doe #8 enrolled as a graduate student at a university in Los Angeles County and resides in Los Angeles County. Student Doe #8 seeks to

_____

[3] Plaintiffs will separately file a motion to proceed pseudonymously.

proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

14.     Student Doe #9 enrolled as an undergraduate student at a university in Los Angeles County and resides in Los Angeles County. Student Doe #9 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

15.     Student Doe #10 enrolled in OPT after the completion of study from a university in Orange County and resides in Orange County. Student Doe #10 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

16.     Student Doe #11 is enrolled a graduate student at a university in Orange County and resides in Orange County. Student Doe #11 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

17.     Student Doe #12 enrolled as an undergraduate student at a college in Los Angeles County and resides in Los Angeles County. Student Doe #12 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

18.     Student Doe #13 enrolled in OPT after completion of study at a professional school in Los Angeles County and resides in Los Angeles County. Student Doe #13 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

19.     Student Doe #14 enrolled as a graduate student at a university in Orange County and resides in Orange County. Student Doe #14 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

20.     Student Doe #15 enrolled as an undergraduate student at a university in the Inland Empire and resides in the Inland Empire. Student Doe #15 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

21.     Student Doe #16 enrolled as a graduate student at a university in Orange County and resides in Orange County. Student Doe #16 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

22.     Student Doe #17 enrolled as a graduate student at a college in Los Angeles County and resides in Los Angeles County. Student Doe #17 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by

third parties.

23.    Student Doe #18 enrolled as a graduate student at a university in Orange County and resides in Orange County. Student Doe #18 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

24.    Student Doe #19 enrolled as a graduate student at a university in Orange County and resides in Orange County. Student Doe #19 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.

25.    Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over the U.S. Department of Homeland Security (DHS). In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

26.    Defendant U.S. Department of Homeland Security is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including U.S. Immigration Customs and Enforcement.

27.    Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is

responsible for the termination of Student Does' SEVIS records.

## **LEGAL FRAMEWORK**

28.    A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C. § 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

29.    An international student who has completed study may be eligible for CPT or OPT, which allows foreign nationals on an F-1 student visa to engage in employment during and/or after completing a course of study at a U.S. educational institution. *See* 8 C.F.R. § 214.2(f)(10)(ii). Students may also be employed by their education institutions directly, for example as teaching assistants. SEVIS enrollment must be valid in order for employment to be authorized.

30.    The SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations.

31.     The SEVIS record is not merely a passive tracking tool; rather, it is the operational mechanism through which student status is actively managed and validated. Having an active SEVIS record is functionally equivalent to having lawful student status. DHS's practice and regulations have consistently affirmed that a terminated SEVIS record equates to terminated student status. For example, DHS commonly points to the termination of SEVIS status in Immigration Court as evidence that a student is in violation of their student status and is therefore removable. *See*, *e.g.*, *In Re: Myoung Sook Park*, AXXX XX2 580, 2017 WL 1330106 (BIA Mar. 8, 2017); *In Re: Enrique Ganesh Doreste Kathiravetpillai*, 2010 WL 2390757 (BIA May 27, 2010). Additionally, when a student seeks reinstatement of student status after falling out of status, USCIS "will update SEVIS to reflect USCIS's decision." 8 C.F.R. § 214.2(f)(16)(ii).

32.     SEVIS termination renders students ineligible for employment, including under OPT or CPT, ineligible to request a reduced courseload, and ineligible to change status or transfer schools. SEVIS is the system through which SEVP-certified schools issue the Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status," a document central to demonstrating a student is maintaining nonimmigrant status while in the country. An I-20 is necessary for, *inter alia*, authorization under OPT or CPT, 8 C.F.R. §§ 214.2(f)(10)(i),(11)(i)-(ii), and school transfer, 8 C.F.R. § 214.2(f)(8)(ii). A student whose SEVIS record is terminated has no valid Form I-20.

33.     DHS regulations distinguish between two separate ways a student

may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

34.    The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

35.    With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history.

36.    The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes

a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status.[4]

37.    The revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[5] This is true even where a visa is revoked based on a DUI.

38.    ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[6] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[7]

---

[4] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

[5] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

[6] *Id*.

[7] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

39.    While a visa revocation *can* be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[8] The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status.[9] Only when a final removal order is entered would status be lost.

40.    A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on a deportability ground alone.

41.    The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[10] There is also no administrative appeal of a denial to reinstate F-1 status. The termination of a SEVIS record constitutes final agency action for purposes of APA review.[11]

42.    Some international students whose SEVIS records were recently terminated as a result of ICE's new policy have been arrested and placed in removal proceedings. On its website, DHS states that when a SEVIS record is

---

[8] *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

[9] 8 C.F.R. § 1003.18(d)(ii)(B).

[10] *See Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

[11] *See Fang*, 935 F.3d at 185.

terminated, "Immigration and Customs Enforcement (ICE) agents may investigate to confirm the departure of the student."[12]

## **FACTUAL ALLEGATIONS**

43.    All Plaintiffs are international students who have had their SEVIS records terminated in recent weeks. They appear to have been targeted based on minor arrests, charges, and /or convictions, sometimes from many years ago. The sudden termination of their SEVIS records has effectively rendered them without status, cut off their ability to access to the benefits associated with F-1 student status, and made them vulnerable to detention and deportation by immigration authorities. Plaintiffs have been experiencing high levels of stress and anxiety since receiving notice of their terminations.

44.    Previously, when international students had a visa revocation, they might have received a communication from the consulate indicating they would no longer be able to travel on their visa. They would not have been told they had lost their student status.

45.    When Plaintiffs have been notified of visa revocations under the new policy, they have received a very type of email from the consulate. The emails state, *inter alia*:

> On behalf of the United States Department of State, the Bureau of Consular Affairs Visa Office hereby informs you that additional

---

[12] DHS, Terminate a Student (last updated Nov. 7, 2024), https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student.

information became available after your visa was issued. As a result, your F-1 visa . . . has been revoked under Section 221(i) of the United States Immigration and Nationality Act, as amended.

The Bureau of Consular Affairs Visa Office has alerted the Department of Homeland Security's Immigration and Customs Enforcement, which manages the Student Exchange Visitor Program and is responsible for removal proceedings. They may notify your designated school official about the revocation of your F-1 visa.

Remaining in the United States without a lawful immigration status can result in fines, detention, and/or deportation. It may also make you ineligible for a future U.S. visa. Please note that deportation can take place at a time that does not allow the person being deported to secure possessions or conclude affairs in the United States. Persons being deported may be sent to countries other than their countries of origin.

Given the gravity of this situation, individuals whose visa was revoked may wish to demonstrate their intent to depart the United States using the CBP Home App at https://www.cbp.gov/about/mobile-apps-directory/cbphome.

46.    These messages are plainly designed—together with the SEVIS terminations—to intimidate students, including Plaintiffs, into abandoning their studies and immediately leaving the country. Some students have already done so.

47.    Some students' SEVIS terminations previously stated the reason for termination as a "failure to maintain status," but recently, on or about April 8, 2025, ICE created a new option for SEVP termination and changed the termination reasons in SEVIS to "OTHER – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated."

**Student Doe #4**

48.    Plaintiff Student Doe #4 is an international student who recently completed graduate studies at a university in the United States and has been

working under OPT with SEVIS enrollment in California.

49.     Plaintiff Student Doe #4 first came to study in the United States on a student visa approximately ten years ago. Following a misdemeanor arrest in which no criminal charges were ever filed, Plaintiff Student Doe #4's visa was revoked.

50.     Because the visa revocation did not impact Plaintiff Student Doe #4's status, Plaintiff Student Doe #4 continued to study in the United States, eventually going to graduate school and receiving authorization for OPT.

51.     Plaintiff Student Doe #4 does not have any other criminal history and has otherwise complied with the terms of their status. Plaintiff Student Doe #4 has not engaged in any significant political activity.

52.     On April 8, 2025, Plaintiff Student Doe #4 received notice from their university that their SEVIS had been terminated. Plaintiff Student Doe #4 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #4 is unaware of the factual basis for the termination of their SEVIS status.

53.     Plaintiff Student Doe #4 was forced to immediately stop employment.

54.     DHS has not initiated removal proceedings against Plaintiff Student Doe # 4.

***Student Doe #5***

55.     Plaintiff Student Doe #5 is an international student who recently completed undergraduate studies at a college in Los Angeles County and has been

working under OPT with SEVIS enrollment.

56.    Plaintiff Student Doe #5's only criminal history is a misdemeanor conviction for driving under the influence of alcohol, which is not a crime of violence with a potential sentence of more than a year.

57.    Plaintiff Student Doe #5 has otherwise complied with the terms of their status. Plaintiff Student Doe #5 has not engaged in any significant political activity.

58.    On April 8, 2025, Plaintiff Student Doe #5 received learned that their SEVIS had been terminated. Plaintiff Student Doe #5 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #5 is unaware of the factual basis for the termination of their SEVIS status.

59.    Plaintiff Student Doe #5 was forced to immediately stop employment.

60.    DHS has not initiated removal proceedings against Plaintiff Student Doe # 5.

***Student Doe #6***

61.    Plaintiff Student Doe #6 is an international student who enrolled as an undergraduate in a full course of study at a college in Los Angeles County.

62.    Plaintiff Student Doe #6's only criminal history is a misdemeanor arrest for driving under the influence of alcohol. No charges were ever filed and there was no conviction.

63.    Plaintiff Student Doe #6 has otherwise complied with the terms of their status. Plaintiff Student Doe #6 has not engaged in any significant political

activity.

64.     On April 10, 2025, Plaintiff Student Doe #6 received notice that their SEVIS had been terminated. Plaintiff Student Doe #6 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #6 is unaware of the factual basis for the termination of their SEVIS status.

65.     DHS has not initiated removal proceedings against Plaintiff Student Doe # 6.

***Student Doe #7***

66.     Plaintiff Student Doe #7  is an international student who enrolled as an undergraduate in a full course of study at a university in Los Angeles County.

67.     Plaintiff Student Doe #7's only criminal history is an arrest for misdemeanor domestic violence related charge, but the case was dismissed and there was no conviction or penalty imposed.

68.     Plaintiff Student Doe #7 has otherwise complied with the terms of their status. Plaintiff Student Doe #7 has not engaged in any significant political activity.

69.     On April 4, 2025, Plaintiff Student Doe #7 received notice that their SEVIS had been terminated. Plaintiff Student Doe #7 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #7 is unaware of the factual basis for the termination of their SEVIS status.  Plaintiff Student Doe #7 received notice that their visa had been revoked on April 9, 2025.

70.     DHS has not initiated removal proceedings against Plaintiff Student

Doe # 7.

***Student Doe #8***

71.    Plaintiff Student Doe #8 is an international student who enrolled as a graduate student in a full course of study at a university in Los Angeles County.

72.    Plaintiff Student Doe #8's only criminal history was an arrest for a misdemeanor domestic violence related charge, but no case was ever filed and therefore there was no conviction.

73.    Plaintiff Student Doe #8 has otherwise complied with the terms of their status. Plaintiff Student Doe #8 has not engaged in any significant political activity.

74.    On April 8, 2025, Plaintiff Student Doe #8 received notice that their SEVIS had been terminated. Plaintiff Student Doe #8 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #8 is unaware of the factual basis for the termination of their SEVIS status.  Plaintiff Student Doe #8 received notice that their visa had been revoked on April 9, 2025.

75.    DHS has not initiated removal proceedings against Plaintiff Student Doe # 8.

***Student Doe #9***

76.    Plaintiff Student Doe #9  is an international student who enrolled as a graduate student in a full course of study at a university in Los Angeles County.

77.    Plaintiff Student Doe #9's only criminal history is an arrest for a misdemeanor assault charge, but no charges were ever filed in court and therefore

there was no conviction.

78.     Plaintiff Student Doe #9 has otherwise complied with the terms of their status. Plaintiff Student Doe #9 has not engaged in any significant political activity.

79.     On April 10, 2025, Plaintiff Student Doe #9 received notice that their SEVIS had been terminated. Plaintiff Student Doe #9 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #9 is unaware of the factual basis for the termination of their SEVIS status.

80.     DHS has not initiated removal proceedings against Plaintiff Student Doe # 9.

***Student Doe #10***

81.     Plaintiff Student Doe #10 is an international student who recently completed graduate studies at a university in Orange County and has been working under OPT with SEVIS enrollment.

82.     Plaintiff Student Doe #10's only criminal history is an arrest for misdemeanor disorderly conduct, but the charges were eventually dismissed and therefore there was no conviction.

83.     Plaintiff Student Doe #10 has otherwise complied with the terms of their status. Plaintiff Student Doe #10 has not engaged in any significant political activity.

84.     On April 10, 2025, Plaintiff Student Doe #10 received notice that their SEVIS had been terminated. Plaintiff Student Doe #10 was not given prior notice

as to why this happened or given any opportunity to respond. Plaintiff Student Doe #10 is unaware of the factual basis for the termination of their SEVIS status.

85.   Plaintiff Student Doe #10 was forced to immediately stop employment.

86.   DHS has not initiated removal proceedings against Plaintiff Student Doe #10.

***Student Doe #11***

87.   Plaintiff Student Doe #11 is an international student who enrolled as a graduate student in a full course of study at a university in Orange County.

88.   Plaintiff Student Doe #11's only criminal history is an arrest for a misdemeanor shoplifting charge that has not resulted in a conviction. Plaintiff Student Doe #11 was also previously cited for driving without a valid license, but the citation was dismissed and did not result in a conviction.

89.   Plaintiff Student Doe #11 has otherwise complied with the terms of their status. Plaintiff Student Doe #11 has not engaged in any significant political activity.

90.   On April 9, 2025, Plaintiff Student Doe #11 received notice that their SEVIS had been terminated. Plaintiff Student Doe #11 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #11 is unaware of the factual basis for the termination of their SEVIS status.

91.   DHS has not initiated removal proceedings against Plaintiff Student Doe #11.

***Student Doe #12***

92.    Plaintiff Student Doe #12 is an international student who enrolled as an undergraduate in a full course of study at a college in Los Angeles County.

93.    Plaintiff Student Doe #12's only criminal history is a misdemeanor conviction for driving under the influence of alcohol. Plaintiff Student Doe # 12 completed all conditions and the case was closed.

94.    Plaintiff Student Doe #12 has otherwise complied with the terms of their status. Plaintiff Student Doe #12 has not engaged in any significant political activity.

95.    On March 31, 2025, Plaintiff Student Doe #12 received notice that their SEVIS had been terminated. Plaintiff Student Doe #12 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #12 is unaware of the factual basis for the termination of their SEVIS status.

96.    DHS has not initiated removal proceedings against Plaintiff Student Doe #12.

***Student Doe #13***

97.    Plaintiff Student Doe #13 is an international student who recently completed graduate studies at a professional school in Los Angeles County and has been working under OPT with SEVIS enrollment.

98.    Plaintiff Student Doe #13's only criminal history is an arrest related to driving without a license. The charge was dismissed and there was no conviction.

22

99.   Plaintiff Student Doe #13 has otherwise complied with the terms of their status. Plaintiff Student Doe #13 has not engaged in any significant political activity.

100.   On April 4, 2025, Plaintiff Student Doe #13 received notice that their SEVIS had been terminated. Plaintiff Student Doe #13  was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #13 is unaware of the factual basis for the termination of their SEVIS status. Plaintiff Student Doe #13 was informed that their visa was revoked on April 7, 2025.

101.   Plaintiff Student Doe #13 was forced to immediately stop employment.

102.   DHS has not initiated removal proceedings against Plaintiff Student Doe #13.

***Student Doe #14***

103.   Plaintiff Student Doe #14 is an international student who enrolled as a graduate student in a full course of study at a university in Orange County.

104.   Plaintiff Student Doe #14's only criminal history is a misdemeanor domestic violence related arrest. No charges were filed and therefore, there was no conviction.

105.   Plaintiff Student Doe #14 has otherwise complied with the terms of their status. Plaintiff Student Doe #14 has not engaged in any significant political activity.

106.   On April 9, 2025, Plaintiff Student Doe #14 received notice that their SEVIS had been terminated. Plaintiff Student Doe #14 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #14 is unaware of the factual basis for the termination of their SEVIS status.

107.   DHS has not initiated removal proceedings against Plaintiff Student Doe #14.

***Student Doe #15***

108.   Plaintiff Student Doe #15 is an international student who enrolled as an undergraduate in a full course of study at a university in the Inland Empire.

109.   Plaintiff Student Doe #15's only criminal history is a domestic violence related arrest. No charges were ever filed and therefore there was no conviction.

110.   Plaintiff Student Doe #15 has otherwise complied with the terms of their status. Plaintiff Student Doe #15 has not engaged in any significant political activity.

111.   On April 9, 2025, Plaintiff Student Doe #15 received notice that their SEVIS had been terminated. Plaintiff Student Doe #15 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #15 is unaware of the factual basis for the termination of their SEVIS status. Plaintiff Student Doe #15 was informed that their visa was revoked on the same day.

112.   DHS has not initiated removal proceedings against Plaintiff Student

Doe #15.

***Student Doe #16***

113.   Plaintiff Student Doe #16 is an international student who enrolled as a graduate student in a full course of study at a university in Orange County.

114.   Plaintiff Student Doe # 16's only criminal history is a domestic violence related arrest. No charges were filed and therefore there was no conviction.

115.   Plaintiff Student Doe #16 has otherwise complied with the terms of their status. Plaintiff Student Doe #16 has not engaged in any significant political activity.

116.   On April 3, 2025, Plaintiff Student Doe #16 received notice that their SEVIS had been terminated. Plaintiff Student Doe #16 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #16 is unaware of the factual basis for the termination of their SEVIS status.

117.   DHS has not initiated removal proceedings against Plaintiff Student Doe #16.

***Student Doe #17***

118.   Plaintiff Student Doe #17 is an international student who enrolled as a graduate student in a full course of study at a university in Los Angeles County.

119.   Plaintiff Student Doe #17's only criminal history was an arrest for battery. No charges were brought and therefore there was no conviction.

120.   Plaintiff Student Doe #17 has otherwise complied with the terms of

their status. Plaintiff Student Doe #17 has not engaged in any significant political activity.

121.    On April 9, 2025, Plaintiff Student Doe #17 received notice that their SEVIS had been terminated. Plaintiff Student Doe #17 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #17 is unaware of the factual basis for the termination of their SEVIS status.

122.    DHS has not initiated removal proceedings against Plaintiff Student Doe #17.

***Student Doe #18***

123.    Plaintiff Student Doe #18 is an international student enrolled as a graduate student in a full course of study at a university in Orange County.

124.    Plaintiff Student Doe #18's only criminal history is an arrest for misdemeanor petty theft, but the charge was eventually dismissed and therefore there was no conviction.

125.    Plaintiff Student Doe #18 has otherwise complied with the terms of their status. Plaintiff Student Doe #18 has not engaged in any significant political activity.

126.    On April 10, 2025, Plaintiff Student Doe #18 received notice from their university that their SEVIS had been terminated. Plaintiff Student Doe #18 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #18 is unaware of the factual basis for the termination of their SEVIS status. On April 19, 2025, Plaintiff Student Doe #18

received notice that their visa had been revoked.

127.   Plaintiff Student Doe #18 was forced to immediately stop employment.

128.   DHS has not initiated removal proceedings against Plaintiff Student Doe #18.

***Student Doe #19***

129.   Plaintiff Student Doe #19 is an international student enrolled as a graduate student in a full course of study at a university in Orange County.

130.   Plaintiff Student Doe #19 first came to the United States as an undergraduate student. Following an arrest and conviction for driving under the influence of alcohol, Plaintiff Student Doe #19's visa was revoked.

131.   Because the visa revocation did not impact Plaintiff Student Doe #19's status, Plaintiff Student Doe #19 continued to study in the United States, eventually going to graduate school. Each time they moved to a different school, they were able to obtain a new I-20 with no problems.

132.   Plaintiff Student Doe #19 does not have any other criminal history and has otherwise complied with the terms of their status. Plaintiff Student Doe #19 has not engaged in any significant political activity.

133.   On April 7, 2025, Plaintiff Student Doe #19 received notice from their university that their SEVIS had been terminated. Plaintiff Student Doe #19 was not given prior notice as to why this happened or given any opportunity to respond. Plaintiff Student Doe #19 is unaware of the factual basis for the termination of

their SEVIS status. On April 15, 2025, Plaintiff Student Doe #19 received notice that their visa had been revoked, even though their visa had already been revoked.

134.   Plaintiff Student Doe #19 was forced to immediately stop employment.

135.   DHS has not initiated removal proceedings against Plaintiff Student Doe #19.

* * *

136.   The SEVIS terminations have created havoc and uncertainty for schools as well. Schools are scrambling to respond to these unprecedented actions and determine whether and how they can help their international students. [13]

137.   Intervention by the Court is necessary to remedy Defendants' illegal conduct.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Administrative Procedure Act
*(Unauthorized SEVIS Termination)*

138.   Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

---

[13] *See* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

139.   Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

140.   Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in Plaintiff's criminal history or other history provides a basis for termination.

141.   Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## SECOND CAUSE OF ACTION

### Fifth Amendment
*(Procedural Due Process)*

142.   Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

143.   Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

144.   Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

145.   Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

## THIRD CAUSE OF ACTION

**Administrative Procedure Act**
*(Procedural Due Process)*

146.   Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

147.   Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

148.   Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

149.   Accordingly, Defendants' action is contrary to a constitutional right.

## FOURTH CAUSE OF ACTION

### Administrative Procedure Act
*(Arbitrary and Capricious SEVIS Termination)*

150.   Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

151.   Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

152.   Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

153.   Defendants' action is therefore arbitrary and capricious.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1)  Assume jurisdiction over this matter;

(2)  Declare that the termination of Plaintiff's SEVIS status was unlawful;

(3)  Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

(4)  Order that Defendants restore Plaintiff's SEVIS record and status;

(5)  Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

(6)  Grant such further relief as the Court deems just and proper.

Dated: April 21, 2025                    Respectfully Submitted,

/s/ *Khaled Alrabe*

Email: Stacy@Tolchinimmigration.com
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (CA SBN #349899)
Email: khaled@nipnlg.org

32

National Immigration Project of the
    National Lawyers Guild (NIPNLG)
National Immigration Project of the
    National Lawyers Guild (NIPNLG)
1763 Columbia Road NW, Suite 175
#896645,
Washington, DC 20009
Telephone: (617) 227-9727 x3
Facsimile: (617) 227-5495

Anne Lai (CA SBN #295394)
*Email: alai@law.uci.edu*
UC Irvine School of Law –
    Immigrant Rights Clinic
401 E. Peltason Dr.
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747