1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DOES #4-#19, | Case No. 2:25-cv-3528 |
| Plaintiff, | |
| v. | [PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, | |
| Defendants. | |

This matter has come before this Court on Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. The Court has carefully considered all the filings, the arguments of counsel, and the record in this case.

Plaintiffs are entitled to a temporary restraining order if they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Absent a showing of likelihood of success on the merits, the Court may still grant a temporary restraining order if Plaintiffs raise "serious questions" as to the merits of their claims, the balance of hardships tips "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). Further, under the Administrative Procedure Act, to prevent irreparable injury, the Court may issue "all necessary and appropriate process . . . to preserve status or rights pending" these proceedings. 5 U.S.C. § 705.

Upon consideration of Plaintiffs Application for Temporary Restraining Order, and finding sufficient cause, the application is **GRANTED**, and **IT IS FURTHER ORDERED** that:

1. Defendants' termination of Plaintiffs' SEVIS records is enjoined and any legal effect of Defendants' terminations is stayed, including but not limited to:

    a. Any effect on Plaintiffs' ability to continue their studies and/or transfer enrollment to a different school;

      b. Any effect on Plaintiffs' eligibility to work or receive authorization for Curricular Practical Training (CPT) or Optional Practical Training (OPT);

      c. Any effect on Plaintiffs' ability to change status to another nonimmigrant status or apply for adjustment of status to that of a lawful permanent resident;

      d. Any effect on Plaintiffs' accrual of unlawful presence; or

      e. Any effect on Plaintiffs' alleged removability.

2. Defendants are prohibited from directly or indirectly, by any means whatsoever, implementing, enforcing, or otherwise taking action as a result of their decision to terminate Plaintiffs' SEVIS records;

3. Plaintiffs may be identified in this action by the pseudonym "Student Doe #X," respectively. Materials filed with the Court that contain Plaintiffs' names or any identifying information must be redacted and/or filed under seal.

4. Counsel for Plaintiffs shall disclose Plaintiffs' identities to counsel for Defendants. Counsel for Defendants may only further disclose Plaintiffs' names or related personal information to individuals directly involved in the litigation who agree to be bound by this Order, and only as reasonably necessary for the litigation (including to comply with any orders of the Court). Such information may not be used for any purpose outside of this litigation.

5. Defendants are enjoined from arresting and detaining Plaintiffs or transferring Plaintiffs outside the jurisdiction of this District.

6. This Order shall be in effect for a period of _____ days from entry hereof, after which it shall expire absent further order of the Court.

7. As this Order should not result in any financial damage to Defendants, Plaintiffs shall not be required to give security. Fed. R. Civ. P. 65(c).

8. Defendants are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue. Defendants shall file any response to the Order to Show Cause on or before _____, and Plaintiffs shall file any reply on or before _____. The Court will hear argument on whether a preliminary injunction should issue at _____ on, _____ 2025.

IT IS SO ORDERED.

Date: _____, 202__.

_____
UNITED STATES DISTRICT JUDGE