Stacy Tolchin (CA SBN #217431)
*Email: Stacy@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (CA SBN #349899)
*Email: khaled@nipnlg.org*
National Immigration Project of the
  National Lawyers Guild (NIPNLG)
1763 Columbia Road NW, Suite 175 #896645,
Washington, DC 20009
Telephone: (617) 227-9727 x3
Facsimile: (617) 227-5495

Counsel for Plaintiff
(*continued on next page*)

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUDENT DOES #4-14, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, <br><br> Defendants. | No. 2:25-cv-03528-MCS-JPR <br><br> **NOTICE OF WITHDRAWAL OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, DKT. 5** <br><br> Hon. Marc C. Scarsi |

Anne Lai (CA SBN #295394)
*Email: alai@law.uci.edu*
UC Irvine School of Law –
  Immigrant Rights Clinic
401 E. Peltason Dr.
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747

Counsel for Plaintiff

1

1    Plaintiffs hereby file this notice informing the Court that they have learned
2 the remaining Plaintiffs' SEVIS records have now been restored by Defendants
3 pursuant to government's announcement on April 25, 2025 that it would be
4 restoring the SEVIS records of international students whose records had been
5 terminated.[1] Upon conferral with Defendants, Defendants have represented that
6 they will not be seeking information about Plaintiffs' identities at this time.
7 Accordingly, Plaintiffs are withdrawing their Ex Parte Application for a Temporary
8 Restraining Order and Order to Show Cause re: Preliminary Injunction, Dkt. 5.

9    Defendants have suggested that the entire case should be dismissed. Dkt. 14.
10 First, if Defendants seek dismissal of the action, that should be done through a
11 motion, not a sentence in a notice. More fundamentally, the action is not moot. As
12 courts have confirmed time and again, "voluntary cessation of allegedly illegal
13 conduct does not moot a case; if it did, the courts would be compelled to leave the
14 defendant . . . free to return to his old ways." *City of Mesquite v. Aladdin's* Castle,
15 *Inc.,* 455 U.S. 283, 289 n.10 (1982) ("[.]") (citation omitted). Here, nothing suggests
16 ICE's SEVIS restorations are permanent. The restorations were a response to
17 litigation, and ICE has explicitly stated that they are temporary until a new policy
18 for SEVIS terminations can be developed. *See* Attachment A. When prompted by a
19 court in the Northern District of California for more information about the policy,
20 ICE provided none. *Id.* ("We are unable to make any representations to the Court at
21 this time regarding the content of the new framework, including whether it will
22 contain a process for notice and opportunity to respond prior to termination of
23 SEVIS records by ICE, or what that process would be."). Further, because
24 Plaintiffs' records were unlawfully terminated for weeks, it is not yet known
25 whether that period of unlawful termination will still impact Plaintiffs. Accordingly

that period of unlawful termination will impact Plaintiffs' immigration status. Accordingly, Plaintiff's claims are not resolved and there is still a live controversy before the Court.

Dated: April 29, 2025               Respectfully Submitted,


                                    /s/ *Anne Lai*
                                    Anne Lai


                                    Counsel for Plaintiffs

3